Case 2:16-cv-00166   Document 18   Filed in TXSD on 08/24/16   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
August 24, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| BUCK ALLEN IVIE, *et al*, § § Plaintiffs, § VS. § MULTI-SHOT, LLC; dba MS ENERGY § SERVICES; dba MS DIRECTIONAL, § § Defendants. § | CIVIL ACTION NO. 2:16-CV-166 |

## ORDER

Plaintiff Buck Allen Ivie (Ivie), on behalf of himself and all others similarly situated, filed this action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., for overtime pay violations against Defendant Multi-Shot, LLC d/b/a MS Energy Services and d/b/a MS Directional (MS Energy). Before the Court is MS Energy's Motion to Dismiss in Favor of Arbitration or, in the Alternative, Motion to Stay and Compel Arbitration (D.E. 4).

Ivie filed his response (D.E. 12), arguing that the arbitration agreement that MS Energy seeks to compel is substantively or procedurally unconscionable and that his claims fall outside the scope of the arbitration agreement. MS Energy has replied (D.E. 13), arguing that Ivie has not submitted sufficient evidence to make his unconscionability claims and that the question of whether the claim is within the scope of the arbitration provision is a matter they agreed to delegate to the arbitrator. For the reasons set out below, the Court GRANTS the motion (D.E. 4).

## DISCUSSION

A motion to compel arbitration ordinarily requires the Court to consider two questions: (1) whether there is a valid agreement to arbitrate between the parties according to state contract law; and (2) whether the claim falls within the scope of the arbitration agreement. *E.g. Fleetwood Enterprises, Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002). Under Texas law, procedural and substantive unconscionability claims go to the validity of the arbitration agreement and both types may be addressed by the Court. *See In re Halliburton Co.*, 80 S.W.3d 566, 572 (Tex. 2002). The Supreme Court has held that the party resisting arbitration bears the burden of proving that the claims are unsuitable for arbitration. *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91-92 (2000).

### A. Substantive Unconscionability: Cost-Prohibitive

Substantive unconscionability refers to challenges to the fairness of the arbitration provision itself. *In re Halliburton Co., supra* at 571. Ivie's substantive unconscionability argument is that sending his particular claim to arbitration would be cost-prohibitive, thus eliminating the claim for all practical purposes. In the abstract, "The 'risk' that [a plaintiff] will be saddled with prohibitive costs is too speculative to justify the invalidation of an arbitration agreement." *Green Tree, supra*. *Accord, In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 757 (Tex. 2001). Ivie is required to supply evidence not just of the possible cost of arbitration but of the actual costs he will incur as compared to the actual cost of trial, along with evidence that those costs are insurmountable for him. *Green Tree, supra* at 91; *FirstMerit Bank, supra* at 757.

On this issue, Ivie has offered evidence of the American Arbitration Association's (AAA's) Administrative Fee Schedule (D.E. 12-6) and Commercial Arbitration Rules (D.E. 12-7), along with his affidavit (D.E. 12-1) attesting to his inability to pay.  This evidence is insufficient to establish his contention as to any of the three issues this challenge necessarily raises:  (1) the cost of arbitration, (2) the comparative burden between arbitration and trial, and (3) his inability to pay for arbitration.

**Administrative Fee**.  There is no evidence of what the AAA will actually charge Ivie for its administrative fee.  AAA's Rule R-53 includes the following statement:  "The AAA may, in the event of extreme hardship on the part of any party, defer or reduce the administrative fees."  D.E. 12-7, p. 29.  Ivie has not stated whether he sought and was denied such a deferral or reduction in the administrative fee.  *See In re Olshan Foundation Repair Co.*, 328 S.W.3d 883, 896-97 n.6 (Tex. 2010).

**Arbitration Expenses**.  While the expenses of the arbitrator and of any witnesses produced at the direct request of the arbitrator are presumptively to be borne equally by the parties, AAA Rule R-54 also contemplates a different arrangement arrived at by agreement of the parties or as awarded by the arbitrator.  *Id.*, pp. 29-30.  Ivie offers nothing to explain what witness expenses might be incurred, how they differ from witness expenses at trial, or whether MS Energy has refused to cover that expense on his behalf or his attorneys have refused to advance those expenses, as is customary in contingency fee arrangements.

**Arbitrator's Fee**.  There is no evidence of the arbitrator's rate schedule or how much the arbitrator will charge to Ivie in that regard.  Ivie does not state whether he asked

MS Energy to incur that fee or what response he received.  Again, he does not state whether his attorneys would advance the fee as part of his contract of representation.

**Insolvency or Hardship**.  Ivie's testimony regarding his inability to pay the costs associated with arbitration due to the status of his current earnings and the support of his family are conclusory and thus inadmissible.  According to MS Energy, Ivie earned more than $400,000 from MS Energy in 2014.  While Ivie attests that he has earned substantially less since MS Energy laid him off, there is no evidence regarding savings from prior earnings, no evidence whether his wife contributes to the financial support of the family, and no evidence of what his family's living expenses are.  Ivie's evidence is incomplete, largely inadmissible, and does not support a fact finding of insolvency or hardship necessary to a conclusion that the arbitration agreements are substantively unconscionable.

**Cost-Shifting**.  Additionally, if the Court had been presented with sufficient evidence that arbitration would be unconscionable based upon the cost to use the arbitral forum, the Court could use the severability clause of the FAA and re-distribute that cost in order to salvage as much of the arbitration agreement as possible.  *Jones v. Fujitsu Network Communications, Inc.*, 81 F.Supp.2d 688, 693 (N.D. Tex. 1999) (severing and refusing to enforce the fee-splitting requirement for the fees and expenses of arbitration while still ordering mandatory arbitration under the FAA).

**Comparative Burden of Arbitration and Trial**.  The cost-prohibitive nature of Ivie's claims in arbitration is not an exercise in comparing the expense of a new category of costs against not having to bear any expense in that category.  The question is whether

all of the costs of arbitration, weighed against all of the costs of litigation, render the claims practically incapable of vindication in arbitration.  Ivie has not addressed whether arbitration expenses would, overall, meet or exceed those of litigation, considering that arbitration is generally touted as more efficient and streamlined than litigation.

**Conclusion**.  The Court is mindful of the Supreme Court's ruling that arbitration agreements are enforceable even if they render claims cost-ineffective.  *Am. Exp. Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2309 (2013).  Unconscionability has always been, and remains, a difficult threshold to overcome.  Ivie has not supplied sufficient evidence that the terms of the arbitration agreement are unconscionable with respect to the costs and expenses of the proceeding.  The Court rejects his substantive unconscionability challenge.

**B.  Procedural Unconscionability:  Employee versus Independent Contractor**

Procedural unconscionability refers to the circumstances surrounding the adoption of the arbitration provision.  *In re Halliburton Co., supra* at 571.  For this argument, Ivie refers to the multiple agreements MS Energy asked him to sign, some of them applicable to employees and some applicable to independent contractors.  He complains that MS Energy was furtively trying to alter his employment status in response to other litigation and was confusing and inconsistent in how it treated him in its written agreements.  He claims that, in fact, MS Energy always treated him as an employee and he does not know what is meant by the "consulting services" referenced in the agreement.  His argument then morphs back into his complaint that MS Energy sought arbitration as a way to make the pursuit of FLSA claims cost-prohibitive.

Ivie cites no authority for the proposition that multiple agreements by which services are engaged can be so confusing as to render the agreements procedurally unconscionable. Neither does he explain how the multiple documents worked any injustice. For the Court's purposes in evaluating the motion to compel arbitration, it does not matter whether Ivie was an employee or independent contractor. He signed the arbitration agreement with MS Energy in his own name, in what appears to be an arms-length transaction. Ivie has not described circumstances that vitiate his apparent assent to the arbitration agreement, such as a gross disparity of bargaining power, fraud, or duress. *See generally, Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 499 (Tex. 1991) (Gonzalez, J., concurring); *Pony Exp. Courier Corp. v. Morris*, 921 S.W.2d 817, 821 (Tex. App. 1996). A take-it-or-leave-it ultimatum that extracts an agreement to arbitrate in exchange for continued employment remains lawful in an at-will employment contract scenario. *In re Halliburton*, *supra* at 572.

Ivie has failed to demonstrate why or how any attempted change in his employment status, or the number of different agreements he signed, makes the arbitration agreement unconscionable. The Court rejects Ivie's procedural unconscionability argument.

### C. Claim Within Scope of Arbitration Agreement

Ivie argues that his FLSA claim does not fall within the scope of the arbitration agreement because it pertains to his work as a manual laborer and has nothing to do with "consulting services" to which the arbitration agreement applies. MS Energy points out that, in the course of the arbitration agreement, the parties delegated to the arbitrator any

dispute regarding "the arbitrability of a particular dispute." D.E. 4-2, p. 4. Ivie has not challenged this delegation provision, which undermines his complaint—as addressed to this Court—that his claim is not encompassed within the scope of the arbitration agreement. Without a reason to invalidate the delegations provision, this Court is bound to enforce it. *See Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 74 (2010). Ivie's challenge to the scope of the arbitration agreement is rejected as moot in this Court.

## CONCLUSION

For the reasons set out above, the Court **GRANTS** MS Energy's motion to compel arbitration (D.E. 4). The Court **STAYS** this case pending arbitration rather than dismisses it in deference to Ivie's scope of arbitration argument that has not yet been decided by the arbitrator. The parties are **ORDERED** to file with the Court on or before November 1, 2016, and every six months thereafter a status report advising the Court of the progress of the arbitration and whether this case may be dismissed.

ORDERED this 24th day of August, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE